IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEATHA DEENER-BURKS, : <br> Administrator of the Estate of Eric Burks, : <br> and in her own right, and on behalf of the : <br> Wrongful Death Beneficiaries, : <br>     Plaintiff : <br> : <br> v.    : <br> : <br> SUKHWINDER SINGH, and : <br> SUKHCHAN SINGH, individually, : <br> and d/b/a PVR Transport, : <br>     Defendants, : <br>     Third Party Plaintiffs : <br> : <br> v.    : <br> : <br> PAT SALMON AND SONS, INC., : <br>     Third Party Defendant : | CIVIL NO. 1:10-CV-1113 |

*O R D E R*

The background of this order is as follows:

The pending suit was removed to this court from the Court of Common Pleas of Lebanon County on May 24, 2010. Proceedings were stayed on August 25, 2011, and the stay was lifted on June 18, 2012. On September 10, 2012, Plaintiff filed a motion for summary judgment (Doc. 44) and a supporting brief. Briefs in opposition to that motion were due on or before October 4, 2012. On October 10, the court issued an order (Doc. 47), noting that, as of that date, no briefs in opposition had been filed. The order directed any party opposing the summary judgment motion to file a brief in opposition on or before October 29, 2012, and it provided that failure to comply with this directive would result in the motion being deemed unopposed. See L.R. 7.6.

As of the date of this order, no opposition briefs have been filed. Therefore, we will deem the summary judgment motion to be unopposed.

The substance of the motion may be summarized as follows. On June 20, 2012, Plaintiff served on Defendants fifteen requests for admission,[1] which

---

[1] Plaintiff's requests for admission addressed the following matters:

1) on November 13, 2009, at approximately 3:10 a.m., Sukhwinder Singh was operating the tractor-trailer; 2) ...Sukhwinder Singh was operating the tractor-trailer with the consent of Sukhchan Singh, individually, and d/b/a PVR Transport; 3) ...Baldwinder Singh was a passenger in the tractor-trailer operated by Sukhwinder Singh;
4) ...the tractor-trailer operated by Sukhwinder Singh was heading east on U.S. 78 in Union Township, Lebanon County, PA;
5) ...Baldwinder Singh was in the cab of the tractor trailer utilizing a GPS unit to obtain directions for Sukhwinder Singh; 6) after passing the U.S. 81 interchange on U.S. 78, Sukhwinder Singh slowed the tractor-trailer and stopped on the highway; 7) Sukhwinder Singh, from a stopped position, gradually increased the speed of the tractor-trailer to approximately 17 mph and entered traffic; 8) ...Sukhwinder Singh failed to enter the traffic stream in a reasonably safe manner;
9) Sukhwinder Singh failed to maintain adequate control over his vehicle to prevent the tractor-trailer from striking the vehicle in which Plaintiff's Decedent was a passenger; 10) Sukhwinder Singh's carelessness caused the tractor-trailer he was operating to be struck by the vehicle in which Plaintiff's Decedent was a passenger;
11) Sukhwinder Singh operated the tractor-trailer at an unreasonably slow speed so as to impede the normal and reasonable flow of traffic;
12) Sukhwinder Singh failed to take reasonable measures to prevent the tractor-trailer from impeding the flow of traffic in an unreasonably dangerous manner; 13) Sukhwinder Singh failed to properly maintain the tractor-trailer; 14) as a result of Sukhwinder Singh's negligence, Plaintiff's Decedent suffered severe bodily injuries; severe pain, suffering, and mental anguish and unnecessary hospitalization; and, 15) as a result of Sukhwinder Singh's negligence[,] Plaintiff's Decedent lost his life approximately a month after the accident due to his severe injuries from the accident.

(Doc. 44 ¶ 23; see also Doc. 45 at 5-8).

2

addressed every element of Plaintiff's claims.[2]  As of September 10, 2012, when Plaintiff filed her motion for summary judgment, Defendants had not responded to Plaintiff's requests for admission.  Therefore, under Rule 36 of the Federal Rules of Civil Procedure, the matters set forth in Plaintiff's requests were automatically admitted.  In light of Defendants' admissions of these matters, Plaintiff argues that there are no genuine issues of material fact relating to any of Plaintiff's claims, and the court should grant summary judgment in her favor.  Plaintiff also asks the court to set this matter for a trial concerning damages, which is the only outstanding issue that will remain if her motion for summary judgment is granted.

We agree that entry of summary judgment is appropriate.  The matters set forth in Plaintiff's requests for admission have been admitted under Rule 36, and thus, they are conclusively established for purposes of the instant proceedings.  We find no genuine issues of material fact, and we conclude that Plaintiff is entitled to judgment as a matter of law on all her claims.  Therefore, pursuant to Rule 56, we will grant the motion for summary judgment.

Plaintiff has stipulated to a non-jury trial on the issue of damages, which will be scheduled in this order.

AND NOW, this 26th day of November, 2012, it is ORDERED as follows:

1. The motion for summary judgment (Doc. 44) is deemed unopposed, and is GRANTED.

---

[2] Plaintiff made claims for negligence, vicarious liability for negligence, negligence *per se*, loss of consortium, and wrongful death.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants.

3. A non-jury trial on damages will be held on Wednesday, December 19, 2012, at 9:30 a.m.

                               /s/ William W. Caldwell
                               William W. Caldwell
                               United States District Judge